E-FILED
Thursday, 03 September, 2026 10:23:48 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| SHAWDA D. STALLINGS individually and on behalf of others similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff | ) | **FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)** |
| vs. | ) | CASE NO. 2:26-cv-02141-EIL |
| SARAH BUSH LINCOLN HEALTH CENTER, | ) | |
| Defendants | ) | |

***PLAINTIFF'S AMENDED[1] COMBINED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

Comes now Plaintiff Shawda D. Stallings ("Stallings" or "Plaintiff"), by her counsel, and for her Rule 23(b)(3) Class Action and FLSA Collective Action Complaint against the Defendant Sarah Bush Lincoln Health Center ("Defendant" or "Sarah Bush Lincoln"), alleges and says:

## *I. INTRODUCTION*

Stallings brings this class and collective action lawsuit against Sarah Bush Lincoln to address class-wide wage and hour violations committed by Sarah Bush Lincoln against its hourly-paid employees. Stallings will serve as both FLSA collective action representative and Rule 23 class representative for unpaid wage claims brought under the Illinois Minimum Wage

[1]Plaintiff amends her Complaint pursuant to FRCP 15(a)(2) based upon Defendant's written consent provided in a September 1, 2026 email. Specifically, Plaintiff amends to correct factual allegations. Plaintiff is removing allegations of off the clock donning and doffing time.

Law and Illinois Wage Payment and Collection Act.

Specifically, Sarah Bush Lincoln is and has been underpaying its hourly-paid employees' wages and overtime on a systematic, class-wide basis as a result of a series of employer-favoring rules. Stallings and her similarly situated Sarah Bush Lincoln coworkers are and were common victims of Sarah Bush Lincoln's compensation scheme whereby it illegally and impermissibly rounded time clock punches in its favor over time. Sarah Bush Lincoln accomplishes this by rounding actual Kronos time clock punches to a increment of the nearest one-tenth of an hour (0.1). This is coupled with work requirements and tardiness policies that favor Sarah Bush Lincoln and result in rounding practices that, over time, under pay overtime and straight time wages to Sarah Bush Lincoln's hourly paid employees. Employees are required to obtain and change in to scrubs. More telling, Sarah Bush Lincoln distributes a written "Attendance Standard" to its employees that contains the following requirement:

> "B. Employees are expected to report to work as scheduled and be at their work station at the assigned starting time."

Based upon information and belief, Sarah Bush Lincoln has programmed into its time clock software and payroll software, coupled with multiple company tardiness and disciplinary rules, a time punch rounding scheme that guarantees that Sarah Bush Lincoln will take an impermissible and unfair financial advantage over its employees by rounding in a fashion that results in significant sums of unpaid hourly wages owed to Sarah Bush Lincoln's hourly paid employees on a cumulative basis.

By way of this class action, Stallings seeks for herself and all other similarly situated hourly-paid employees all wages, all overtime compensation, liquidated damages, statutory

damages, statutory penalties and all damages owed. Additionally, Stallings seeks payment of her attorney's fees, costs and expenses.

## *II. FACTUAL ALLEGATIONS*

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

2. Stallings brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Stallings brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Stallings also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL and IWPCA on behalf of other employees employed by Defendant in the State of Illinois.

## **JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7. Stallings is a resident of Casey, Clark County, Illinois.

8. In its Mission Statement on its website, Sarah Bush Lincoln describes itself as "a growing, two-hospital healthcare system serving a 10-county region and employing more than 3,000 people who live throughout the region." Sarah Bush Lincoln is headquartered at 1000 Health Center Drive, P.O. Box 372, Mattoon, Coles County, Illinois 61938.

9. Stallings worked for Sarah Bush Lincoln as a Surgical Receptionist at its Outpatient Surgery Clinic in Mattoon, Illinois. Stallings was hired in late May or June 2024. Sarah Bush Lincoln involuntarily terminated Stallings' employment on August 19, 2024 after refusing to provide her accommodations for her pregnancy that she requested with the assistance of her physician.

10. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

11. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), the IMWL and the IWPCA.

12. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d), the IMWL and the IWPCA.

13. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**FACTS OF THE CASE**

15. Specifically, Sarah Bush Lincoln is and has been underpaying its hourly-paid employees' wages and overtime on a systematic, class-wide basis as a result of a series of employer-favoring rules that require employees to engage in unpaid work. These employer favoring rules specifically harmed Stallings.

**Unlawful Rounding of Kronos Time Clock Punch Facts**

16. At all times relevant to this action, all of the Plaintiff's and her similarly situated coworkers' compensable work time was recorded on Defendant's Kronos time clocks. While all recorded, compensable work hours were recorded on Defendant's Kronos time clock, Defendant rounded those Kronos time punches and did not pay wages for all compensable and recorded work time.

17. Plaintiff and her similarly situated coworkers are and were common victims of Defendant's compensation scheme whereby it illegally and impermissibly rounded time clock punches and log in entries in its favor and in a manner that failed to pay Plaintiff and all similarly situated coworkers for significant compensable work hours.

18. Defendant has created a compensation scheme through a series of computer software commands (time punch rounding commands) programmed into Defendant's time clock software and payroll software, coupled with multiple company disciplinary rules regarding Kronos clock usage and tardiness that ensure that, over time, Defendant benefits from its time punch rounding scheme and guarantee that Defendant will take an impermissible and unfair

financial advantage over its employees by rounding in a non-neutral fashion that results in enormous sums of unpaid hourly wages owed to Defendant's hourly paid employees on a cumulative basis.

19. At all times relevant, for Plaintiff and all of Defendant's hourly-paid employees, Defendant used and uses an electronic time keeping system. Employees clock in by swiping employee badges in a computerized time clock or logging in to a program on a computer. Using this time clock or log in function, for each shift, the employee would record his/her actual time he/she began work for each shift and record the actual time the employee ended his/her work shift. If Defendant paid its non-exempt, hourly-paid employees wages and overtime based upon its machine(s)' actual time punches and log in entries, Defendant would likely have paid wages in compliance with the FLSA, the IMWL and IWPCA.

20. Defendant does not pay its employees' hourly-paid wages based upon actual employee time worked and based upon Defendant's own time punch/log in records.

21. Importantly, Defendant does not record its non-exempt, hourly-paid employees' work time in any other way. The only time records Defendant has to base its payment of wages on are the time records generated by its electronic time clocks and programs.

22. Defendant has created a policy and practice whereby it significantly adjusts downward and shaves time from its non-exempt, hourly-paid employees' time records and pays its employees wages for less than their full time worked and full time reported on Defendant's own time clocks and computer programs.

23. Based upon its long-standing policy and practice of manipulating and downwardly adjusting time from its non-exempt, hourly-paid employee time records, Defendant has been

systematically underpaying its employees significant sums of wages and overtime compensation on a daily basis. The aggregate sum of unpaid wages for all of Defendant's Indiana employees based upon Defendant's non-neutral and self-serving rounding scheme is very substantial on a daily, weekly and annual basis.

24. Defendant's rounding can be determined from the face of Defendant's employees' time punch records and corresponding pay stubs. Defendant rounds all time punches and log in entries in its favor and to employees' detriment through a series of computer program commands written in the Kronos software along with a series of written rules distributed to employees governing discipline and Kronos time clock use. All rounding functions are programmed into Defendant's time clock and corresponding pay roll software and all rounding functions favor Defendant and harm employees.

25. Further, Defendant is rounding employee time punches and log in entries for Defendant's own financial benefit and for the sake of rounding alone. Defendant is not and has not made any determination or created any record for any shift for any employee that the employee was on the clock but not actively working. Indeed, all hours recorded on Kronos time clocks are hours worked, as the time clock badge swipes occurred on Defendant's premises and occurred at Defendant's instruction. Moreover, as explained above, Plaintiff and each similarly situated coworker was working from each Kronos punch in until each Kronos punch out. Defendant has no records to show that its self-serving rounding occurred based upon any observation or determination by Defendant that an employee subjected to rounding was not working while on the clock during any shift. Defendant's records are the best and only records that show employees were working at all times punched in on Defendant's time clock.

Employees were working (particularly under the IMWL definition of "hours worked") when punched in on Defendant's time clock.

26. On a class-wide basis, Plaintiff will need to obtain Kronos time clock data and pay roll records in discovery to provide specific dates and specific amounts of work time that Defendant rounded and did not pay, but Plaintiff and every similarly situated class member was subjected to time clock rounding every work shift and every work week, resulting in unpaid wages and unpaid overtime every work week.

27. As stated above, Defendant's rounding can be determined from the face of its employees' time punch records and corresponding pay stubs. Defendant rounds all time punches in its favor and to employees' detriment in at least the following two ways: Defendant reduces the net cumulative time downward in Defendant's favor by setting upon a scheme whereby Defendant rounds to the nearest one-tenth (0.1) of an hour, but sets up tardiness and disciplinary rules that result in rounding that benefits the Defendant over the course of time - or risk discipline to the employee if rounding would theoretically benefit the employee.

28. For example, Sarah Bush Lincoln distributes a written "Attendance Standard" to its employees that contains the following requirement:

> "B. Employees are expected to report to work as scheduled and be at their work station at the assigned starting time."

Cumulatively, this "attendance standard" causes hours worked by employees from a badge swipe in, walking to employee lockers, changing in to scrubs, and walking to work stations after clocking in, to be rounded off and not paid.

29. Further, Defendant is rounding employee time punches for Defendant's own

benefit and for the sake of rounding alone. Defendant is not and has not made any determination or created any record for any shift for any employee that the employee was on the clock but not actively working. Defendant has no records to show that its self-serving rounding occurred based upon any observation or determination by Defendant that an employee subjected to rounding was not working while on the clock during any shift. Defendant's records are the best and only records that show employees were working at all times punched in on Defendant's Kronos time clock. Employees were working when punched in on Defendant's Kronos time clock.

30. Defendant's computer-programmed time rounding scheme, coupled with its disciplinary rules, harmed Plaintiff Stallings and all of her similarly situated coworkers in the same way on a company-wide basis every work week. This rounding scheme has been harming Defendant's employees for many years. Based upon information and belief, this time rounding scheme has been harming employees for three (3) and for the ten (10) or more years prior to the date the complaint was filed. Plaintiff's unpaid wages for regular and overtime hours and her damages under the FLSA, the IMWL and the IWPCA are representative of those owed to all of Defendant's Illinois-based workers subjected to the same time clock and pay roll software and same time punch rounding scheme.

31. Pursuant to its systematic, class-wide practices, Defendant is not compensating its hourly-paid employees for all time worked and recorded on a continuous work day basis.

32. All of Defendant's time rounding practices were intentionally computer programmed and performed to Defendant's advantage and the detriment and harm of Stallings and all hourly-paid and non-exempt employees. Defendant's time punch rounding practices are not neutral, as required by the FLSA and corresponding Illinois law.

33. Stallings can provide a specific example where Defendant's rounding caused her to lose overtime wages.[2] Comparing Defendant's Kronos time clock punch records and corresponding pay roll records for Stallings for the work week from August 11, 2024 to August 17, 2024 shows that Stallings worked and record work hours totaling 40 hours and 28 minutes (28 minutes of overtime), but rounding was applied to her time punches and she was paid for only 40 hours and 18 minutes (40.3 hours). For this one work week, Stallings lost 10 minutes of overtime wages. Her hourly rate of pay was $18.00 per hour and her overtime rate of pay was $27.00 per overtime hour. For just this one week of work, Stallings was underpaid overtime of at least $4.50. With IMWL mandatory damages, Stallings would have overtime damages of at least $13.50 for the one week, plus statutory interest of 5% per month. Similarly, for just this one week of work, Stallings was underpaid overtime of at least $4.50. With FLSA liquidated damages, Stallings would have overtime damages of at least $9.00 for the one week.

34. Stallings rounding and unpaid wage and overtime example for her work week of August 11, 2024 to August 17, 2024 is representative of rounding and class-wide damages her substantially similar coworkers have experienced on a systematic and class-wide basis as a result of Defendant's rounding scheme and corresponding attendance rules that cause cumulative, non-neutral rounding and results in unpaid and underpaid wages and overtime compensation.

35. Defendant intentionally and knowingly violated its employees' rights to earned wages and earned overtime compensation through Defendant's unlawful and non-neutral time rounding schemes and Defendant's conscious decision to shave recorded work time and pay

[2]Stallings worked only a few weeks for Sarah Bush Lincoln and worked overtime hours only in this 1 week.

employees less in wages and overtime than the employees earned while performing work for the Defendant.

36. Based upon these long-standing policies and rules, Sarah Bush Lincoln has been systematically underpaying its employees significant sums of wages on a daily basis (on a shift by shift basis). The aggregate sum of unpaid wages and unpaid overtime for all employees based upon Sarah Bush Lincoln's rules and clothes changing policies is very substantial on a daily, weekly, and an annual basis. All of Sarah Bush Lincoln's rules, including clothes changing rules, are rigged to always benefit Sarah Bush Lincoln and always harm employees, meaning, always pay employees for less work time than actually worked.

37. Particularly as it relates to IWPCA claims, Sarah Bush Lincoln had agreements with Stallings and all similarly situated hourly paid workers to pay an hourly wage for each hour worked, not an hourly wage for just some hours worked. This claim will cover all unpaid wages earned and owed by Sarah Bush Lincoln to IWPCA class members from a period of time ten (10) years prior to the filing of this Complaint.

38. Stallings was actually harmed and underpaid wages and overtime based upon Sarah Bush Lincoln's implementation of its unlawful wage practices as described herein.

39. Based upon information and belief, including the hospital's own Mission Statement on its website, Stallings conservatively estimates that Sarah Bush Lincoln applied its unlawful wage practices, as described herein, to the wages owed to 3,000 or more hourly paid employees.

40. Sarah Bush Lincoln has intentionally, knowingly, with reckless disregard and systematically violated its employees' rights to earned wages through Sarah Bush Lincoln's

illegal wage rules and practices. Sarah Bush Lincoln has intentionally, knowingly, with reckless disregard and systematically violated Stallings' and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation and minimum wages.

### *III. CLASS AND COLLECTIVE ACTION ALLEGATIONS*

41. Plaintiff incorporates herein by reference paragraphs 1 - 40 above.

42. This Complaint is brought as a collective action and as a class action on behalf of other current and former Sarah Bush Lincoln hourly-paid employees who were similarly denied payment of wages and overtime compensation under Sarah Bush Lincoln's compensation scheme that involved the requirement that employees change into scrubs provided by Sarah Bush Lincoln in a Sarah Bush Lincoln locker room but were not paid.

43. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Plaintiff and all Sarah Bush Lincoln current and former hourly-paid employees who were damaged by Sarah Bush Lincoln's compensation system which required and resulted in substantial uncompensated work by Sarah Bush Lincoln's employees. By virtue of the "collective action," Plaintiff represents the identical and/or similar interests of former and current hourly-paid coworkers denied wages and overtime compensation under the same circumstance. Plaintiff anticipates that other Sarah Bush Lincoln employees and former employees will opt in to the action.

44. With respect to FRCP 23(b)(3) class action claims, Stallings will serve as class representative over the following classes:

For the IMWL Rule 23(b)(3) Class:

Stallings will serve as class representatives for the class-wide claims brought under the

> Illinois Minimum Wage Law. This class will include all who worked for Sarah Bush Lincoln on a date three (3) years prior to the filing of this Complaint to the present. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Stallings and on behalf of all eligible Sarah Bush Lincoln current and former hourly-paid employees (who voluntarily resigned) who were damaged by Sarah Bush Lincoln's compensation system which incorporated computer programmed Kronos time clock punch rounding commands and corresponding attendance and disciplinary rules that produce a net result worked to Sarah Bush Lincoln's advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees. By virtue of the class action, Stallings represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

For the IWPCA Rule 23(b)(3) Class:

> Stallings will serve as class representatives for the class-wide claims brought under the Illinois Wage Payment and Collection Act. This class will include all who worked for Sarah Bush Lincoln on a date ten (10) years prior to the filing of this Complaint to the present. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Stallings and on behalf of all eligible Sarah Bush Lincoln current and former hourly-paid employees (who voluntarily resigned) who were damaged by Sarah Bush Lincoln's compensation system which incorporated computer programmed Kronos time clock punch rounding commands and corresponding attendance and disciplinary rules that produce a net result worked to Sarah Bush Lincoln's advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees. By virtue of the class action, Stallings represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

45. The number of Sarah Bush Lincoln's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Plaintiff will pursue discovery to obtain the names of the other current and former Sarah Bush Lincoln employees, to provide notice of the collective action, and to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

46. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

47. Stallings' claims are typical of the claims of the whole collective group of current and

former hourly-paid employees harmed by Sarah Bush Lincoln's illegal wage practices. Stallings' claims are typical of the claims of the whole class of current and former Sarah Bush Lincoln hourly-paid employees harmed by Sarah Bush Lincoln's illegal wage practices.

48. Stallings will act to fairly and adequately protect the interests of the entire collective group of current and former Sarah Bush Lincoln employees. Stallilngs will act to fairly and adequately protect the interests of the entire class of current and former Sarah Bush Lincoln employees.

49. A "combined"[3] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Sarah Bush Lincoln. For example, to prove Sarah Bush Lincoln's illegal wage practices, Stallings and other members of this collective group/class would seek in discovery records about all similarly situated current and former Sarah Bush Lincoln employees who were similarly denied earned wages and overtime compensation under Sarah Bush Lincoln's illegal wage practices, all of which harmed hourly-paid employees. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

50. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Illinois statutory wage violations at issue in this litigation, some, if not most,

---

[3]See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

of the individual group members may not be aware of their rights to their wages under the FLSA and Illinois law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

51. A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

52. Because Sarah Bush Lincoln's compensation system which required and resulted in uncompensated work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## *IV. STATEMENT OF CLAIMS*

### *A. FAIR LABOR STANDARDS ACT CLAIMS*

53. Stallings incorporates herein by reference paragraphs 1 through 52 above.

54. Sarah Bush Lincoln is an "enterprise" and/or a "public agency" as those terms are defined by the FLSA, and Sarah Bush Lincoln is covered by the overtime and minimum wage provisions of the FLSA. Sarah Bush Lincoln is an "employer," as that term is defined by the FLSA. Finally, Sarah Bush Lincoln is a "person" as that term is defined by the FLSA.

55. Sarah Bush Lincoln has violated Stallings' rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Sarah Bush Lincoln has committed overtime violations by failing to pay Stallings and her similarly situated

coworkers for all hours of work

56. Sarah Bush Lincoln has repeatedly violated the FLSA's overtime provisions by not paying Stallings and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

57. Sarah Bush Lincoln's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Sarah Bush Lincoln to a three year statute of limitations.

58. Stallings and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Sarah Bush Lincoln's violations of their rights under the Fair Labor Standards Act.

***B. OVERTIME COMPENSATION CLAIMS UNDER THE ILLINOIS MINIMUM WAGE LAW***

59. Stallings incorporates herein by reference paragraphs 1 - 58 above.

60. At all relevant times, Sarah Bush Lincoln has been and continues to be an "employer" within the meaning of the Illinois Minimum Wage Law. 820 ILCS § 105/3.

61. At all relevant times, Sarah Bush Lincoln employed Stallings and all putative Rule 23 class members as employees within the meaning of the Illinois Minimum Wage Law. 820 ILCS § 105/3.

62. Stallings and all similarly situated hourly paid coworkers were not paid for all work time, including all time worked each day from a first principal activity to a last principal activity each day, nor were plaintiffs paid for all hours worked in excess of 40 in many work weeks. This unpaid

work time includes, but is not limited to, all work time spent donning and doffing scrubs on the employer's premises. Much of this unpaid work time each work week constituted unpaid overtime compensation owed to Stallings and fellow class members.

63. Sarah Bush Lincoln's practice and policy of not paying Stallings and all hourly paid employees for all time worked resulted in Defendant's failure to pay Stallings and her fellow class members overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the IMWL, 820 ILCS 105/1 *et seq*.

64. By way of this Complaint, Stallings and all similarly situated hourly paid class members have sustained substantial harm and financial losses. Stallings seeks all unpaid wages, all unpaid overtime compensation, statutory penalties, interest and liquidated damages, payment of his attorney's fees and costs, and all other damages available to her under the Illinois Minimum Wage Law. See 820 ILCS § 105/12 *et seq*.

### *C. CLAIMS UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT*

65. Stallings incorporates herein by reference paragraphs 1 - 64 above.

66. Sarah Bush Lincoln violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq*., by failing to pay Stallings and all her fellow class members all wages.

67. By way of this action, Stallings seeks payment for herself and for all fellow class members, all unpaid wages, liquidated damages and/or statutory interest/penalties, plus payment of her attorney's fees and costs owed under the IWPCA. 820 ILCS § 115/14(a).

## *V. PRAYER FOR RELIEF*

WHEREFORE, Stallings respectfully requests that the Court enter judgment against Sarah

Bush Lincoln, and issue all available relief to her and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;
2. All unpaid, underpaid wages and unpaid overtime;
3. All statutory damages under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, including, but not limited to, all unpaid wages, all unpaid overtime wages, all liquidated damages, statutory interest, costs, and attorney's fees;
4. All reasonable attorney's fees and expenses;
5. Costs;
6. Prejudgment interest, if available; and
7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS LLP

By/s/Robert P. Kondras, Jr.

Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hklawfirmllp.com

***CERTIFICATE OF SERVICE***

I certify that on September 3, 2026, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

tluetkemeyer@hinshawlaw.com
acook@hinshawlaw.com

HASSLER KONDRAS LLP

/s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr.